**IN THE COURT OF APPEALS OF IOWA**

No. 22-0604
Filed July 20, 2022

**IN THE INTEREST OF E.W.,**
**Minor Child,**

**D.G.-C., Mother,**
　　　　Appellant.
_____

　　　　Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.


　　　　A mother appeals the termination of her parental rights.  **AFFIRMED.**


　　　　Felicia M. Bertin Rocha of Bertin Rocha Law, PC, Urbandale, for appellant mother.

　　　　Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

　　　　Chira Corwin of Corwin Law Firm, Des Moines, attorney and guardian ad litem for minor child.


　　　　Considered by Bower, C.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

This mother's rights were terminated as to this child following a termination hearing she failed to attend. On appeal, the mother contends that the State failed to prove the statutory grounds for termination under Iowa Code section 232.116(1)(e), (f), and (g) (2021); that termination was not in the child's best interests; and that the permissive exception in Iowa Code section 232.116(3)(c) should have precluded termination. We do not reach the merits of any of these arguments, however, because the mother has not preserved error and has waived her right to challenge termination.

Due to COVID-19, this termination hearing was held by videoconference, though the parties were given the option of appearing in person. The mother was served with notice of the termination hearing, was in contact with her attorney via email in the first minutes of the hearing, and was present in the same location while the father appeared via videoconference. The mother declined to appear to provide any testimony. Further, her attorney did not present any evidence to the court or make argument against termination. Instead, the attorney took no position on all matters because the mother failed to maintain contact with her attorney. In similar circumstances, we have determined that error was not preserved:

> Despite receiving notice of the termination proceedings, the father did not appear at the hearing. The father did not object to the evidence presented, offer evidence, or raise any issue before the district court. As a general rule, an issue not presented in the juvenile court may not be raised for the first time on appeal. Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for appeal. Because the father did not present any evidence or lodge any objection

alerting the juvenile court to his complaints, he has not preserved error for our review.[1]

Although it may be framed as a failure to preserve error, the failure to contest termination may also be properly deemed waiver of the challenge.[2]

Because the mother failed to preserve error on her challenges to termination and has also waived them, we do not reach the merits of her arguments. Nevertheless, we have conducted a de novo review of the record, and we affirm the decision of the juvenile court.

**AFFIRMED.**

---

[1] *In re M.L.H.*, No. 16-1216, 2016 WL 4803999, at *1 (Iowa Ct. App. Sept. 14, 2016) (quoting *In re D.W.*, No. 14-0545, 2014 WL 2600358, at *1 (Iowa Ct. App. Jun. 11, 2014)).

[2] *M.L.H.*, 2016 WL 4803999, at *1.